IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| SAMUEL D. & PATRICIA L. BOWMAN, | ) | |
| | ) | CASE NO. BK08-80249-TLS |
| _____Debtor(s)._____ | ) | A08-8042-TLS |
| SAMUEL D. & PATRICIA L. BOWMAN, | ) | |
| | ) | |
| Plaintiffs, | ) | CH. 13 |
| | ) | |
| vs. | ) | |
| | ) | |
| AMERICAN NATIONAL BANK of | ) | |
| FREMONT and DANIEL & HELEN KNOSP, | ) | |
| | ) | |
| Defendants. | ) | |

<u>ORDER</u>

This matter is before the court on the motion by defendants Daniel and Helen Knosp for summary judgment (Fil. #27). Richard Register represents the debtors, and David G. Hicks represents the Knosps. A brief in support of the motion was filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The debtors' bankruptcy case was dismissed seven weeks after it was filed, for failure to file a plan. Upon the debtors' motion, the case was reinstated approximately 60 days after its dismissal. In the meantime, however, American National Bank of Fremont, which held a deed of trust on the debtors' commercial property, exercised its power of sale pursuant to that deed of trust. The property was sold to Helen Knosp and subsequently conveyed by deed to her.

The debtors believe the sale was improper and filed this lawsuit to set aside the sale and have the property restored to them. Thereafter, the Knosps filed a motion for relief from the automatic stay to permit them to proceed with state law remedies to obtain possession of the property. That motion was granted with the following findings: the automatic stay was not in effect at the time of the trustee's sale; the property sold was not property of the bankruptcy estate; and Mrs. Knosp was entitled to pursue her remedies under state law for possession of the property (Fil. #78 in Case No. BK08-80249-TLS).

The Knosps now move for summary judgment in the adversary proceeding, asserting that no genuine factual issues exist as to the debtors' allegations against them.

If the sale proceeded in accordance with state law, then the bankruptcy court is not in a position to invalidate it. *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 545 (1994) ("a fair and proper

price . . . for foreclosed property, is the price in fact received at the foreclosure sale, so long as all the requirements of the State's foreclosure law have been complied with"). The debtors have provided no evidence that the sale did not comport with the Nebraska Trust Deeds Act.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Aviation Charter, Inc. v. Aviation Research Group/US*, 416 F.3d 864, 868 (8th Cir. 2005); *Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.)*, 371 F.3d 397, 401 (8th Cir. 2004).

To withstand a motion for summary judgment, the non-moving party must submit "sufficient evidence supporting a material factual dispute that would require resolution by a trier of fact." *Austin v. Minnesota Mining & Mfg. Co.*, 193 F.3d 992, 994 (8th Cir. 1999) (quoting *Hase v. Missouri Div. of Employment Sec.*, 972 F.2d 893, 895 (8th Cir. 1992)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Here, the debtors have not demonstrated the existence of any factual dispute, as they did not respond to the motion for summary judgment, and the Knosps therefore are entitled to judgment.

IT IS ORDERED: The motion by defendants Daniel and Helen Knosp for summary judgment (Fil. #27) is granted. However, judgment will not be entered until the claims against the remaining defendant have been resolved.

DATED:        May 29, 2009.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
        Richard Register
        *David G. Hicks
        U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.